FILED
2008 Apr-28  AM 11:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  )  <br>  )  <br> **Plaintiff,**  )  <br>  )  <br> vs.  )  <br>  )  <br> **CERTAIN REAL PROPERTY** )  <br> **LOCATED AT 1021 MAIN** )  <br> **STREET, MOULTON, ALABAMA,** )  <br> **TOGETHER WITH ALL** ) <br> **FIXTURES AND** ) <br> **APPURTENANCES THEREON;** ) <br> **ONE 2006 CHEVROLET** ) <br> **SILVERADO C-1500 PICK-UP** ) <br> **TRUCK, VIN 14X96G274358,** ) <br> **ALABAMA LICENSE NUMBER** ) <br> **D-68039; and $23,600.00 IN** ) <br> **UNITED STATES CURRENCY,** ) <br>  ) <br> **Defendants.** ) | **Civil Action No. 07-S-594-NE** |

## MEMORANDUM OPINION AND ORDER

This civil forfeiture action was filed on April 3, 2007, pursuant to 21 U.S.C. § 881(a), and now is before the court on the government's motion to strike and for entry of default.[1]

## I.  LEGAL FRAMEWORK

---

[1] Doc. no. 1 (Verified Complaint for Forfeiture *In Rem*); doc. no. 7 (Motion to Strike and for Entry of Default).  *See also* doc. no. 8 (Brief in Support of Motion to Strike and for Entry of Default).



Procedurally, civil forfeiture actions are governed by 18 U.S.C. § 983 and Rule G of the Supplemental Federal Rules of Civil Procedure. *See*, *e.g.*, Supp. Fed. R. Civ. P. G(1) ("This rule governs a forfeiture action in rem arising from a federal statute."). *See also*, *e.g.*, *United States v. $14,605.00*, No. 07-CV-5-HL, 2007 WL 3027395, at \* 1 (M.D. Ga. Oct. 15, 2007). Under § 983, "any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims." 18 U.S.C. § 983(a)(4)(A). Claimants must also "serve and file an answer to the complaint or a motion under Rule 12 [of the Federal Rules of Civil Procedure] within 20 days *after* filing the claim." Supp. Fed. R. Civ. P. G(5)(b) (emphasis supplied). The Supplemental Rules set forth four requirements for claims:

> The claim must: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

Supp. Fed. R. Civ. P. G(5)(a)(I).

Noncompliance with these requirements precludes the would-be claimant from attaining standing to contest the forfeiture. *See*, *e.g.*, *United Sates v. Sixteen Parcels of Real Property*, 320 F. Supp. 2d 1307, 1312 (S.D. Fla. 2003).

## II. PROCEDURAL BACKGROUND

In the present case, the government's complaint identifies two potential claimants to the subject property: James Key, and his wife, Geraldine Key.[2] Notice of this action was served upon the Keys by certified mail,[3] and seven days later, Mr. Key's attorney filed an answer to the complaint, which was not signed or otherwise verified by Mr. Key himself.[4] Nothing was filed on behalf of Mrs. Key, though Mr. Key's attorney represented in the answer that "Geraldine Key is . . . mentally incompetent," and is, as a result, "unable to comprehend anything about a civil suit and unable to protect her interests in such a suit."[5] Neither of the Keys ever filed a formal *claim* to the seized property, but it is clear from the record that Mr. Key intends to assert an interest in the seized chattel and real estate.[6]

Recognizing these procedural deficiencies, the government filed a motion to strike the answer of Mr. Key and to have default entered of record against him and Mrs. Key.[7]  *See* Supp. Fed. R. Civ. P. G(8)(c)(i) ("At any time before trial, the government may move to strike a claim or answer . . . for noncompliance with Rule

---

[2] Doc. no. 1, ¶ 13.

[3] Doc. no. 4 (Return of Service on Geraldine Key); doc. no. 5 (Return of Service on James Key).

[4] Doc. no. 3 (Answer of James Key).

[5] *Id*. at ¶ 13.

[6] For instance, his answer is entitled "Answer of *Claimant to Property*, James L. Key." *Id*. at Caption (emphasis supplied).

[7] Doc. no. 7.

G(5) or (6), or . . . because the claimant lacks standing."). Mr. Key responded by filing a response to the motion to strike, and an amended, verified answer.[8] Importantly, however, the amended answer was not preceded by a verified claim meeting the requirements of Rule G(5)(a)(i).  In other words, Mr. Key still lacks statutory standing.  *See*, *e.g.*, *United States v. $13,970.00*, No. 5:06-CV-386-CAR, 2007 WL 1231659, at * 3 (M.D. Ga. Apr. 26, 2007) ("Claimant's Answer does not satisfy the statutory requirement to file a verified claim.  The statute requires the answer to be filed within twenty days *after* the claimant files a verified claim.") (emphasis in original).  *See also Sixteen Parcels of Real Property*, 320 F. Supp. 2d at 1314 ("As it is undisputed that Fernandez failed to comply with the procedural rules governing forfeitures, he lacks standing to contest this action.").  The court now must decide whether to enter default against Mr. Key and his wife, or allow them one final bite at the apple.

### III.  DISCUSSION OF LAW

It is well-established that "[a] district court 'may require claimants in forfeiture proceedings to comply strictly with the [Rule G's] requirements in presenting claims to the court.'  However, the court may [also] exercise its discretion by extending the

---

[8] Doc. no. 11 (Response in Opposition to Motion to Strike); doc. no. 9 (Amended Verified Answer).  Mrs. Key still has not filed any pleadings, and Mr. Key's attorney continues to assert that she is incompetent and needs a guardian *ad litem*.

time for the filing of a verified claim." *United States v. 125,938.62*, 370 F.3d 1325, 1328-29 (11th Cir. 2004) (internal citation omitted).  In deciding which path to follow, courts are guided by the following equitable factors:

> (1) whether the government was sufficiently put on notice that the claimants were putting forth their interest in the seized property, (2) whether the government would be prejudiced by the late filing, (3) the sufficiency of [any amended verified claim] to meet the basic requirements of Supplemental Rule [G], (4) the amount at issue and (5) the reasons proffered for the delay.

*Id*. at 1329.  In working through this list of considerations, "[t]he district court should be wary to not confer the sins of the attorney unto the claimant . . . , especially when the prejudice to the government, if any, is slight."  *Id*.

Under the circumstances presented here, the court is satisfied that additional time for the filing of a verified claim should be allowed.  First and foremost, Mr. Key promptly filed an answer after being served with notice of the pendency of this action, thereby indicating to the government that the forfeiture would be contested.  Then, after being alerted to the insufficiency of his initial answer, Mr. Key tendered an amended, verified answer.  That amended answer was incorrectly filed *before* a verified claim, but it is perfectly sufficient in substantive terms.  *Cf. United States v. One 1979 Mercedes 450SE*, 651 F. Supp. 351, 354-55 (S.D. Fla. 1987); *$14,605.00*, 2007 WL 3027395, at * 2; *United States v. $442,721.00*, No. 6:06-CV-97-Orl-

28DAB, 2006 WL 4835923, at * 5 (M.D. Fla. Sept. 8, 2006).  While no pleadings have been filed on behalf of Mrs. Key, her mental status (which has consistently been brought to this court's attention by her husband) provides ample excuse.  Moreover, the government has presented no reason why allowing both potential claimants additional time to file verified claims would prejudice it.  Conversely, when one considers the amount of currency, chattel, and real property is at issue, it is only reasonable to allow all potential claimants a full and fair opportunity to assert their interests.[9]

### IV.  CONCLUSION AND ORDERS

In accordance with the foregoing, it is ORDERED that the government's motion to strike and for the entry of default is DENIED.  Further, the time for filing verified claims to the property named as defendants in this case is EXTENDED until **May 28**, **2008**.  The court emphasizes that merely filing a verified answer may be necessary, but is *not* sufficient to establish the requisite standing to contest this civil forfeiture.  *Cf. $14,605.00*, 2007 WL 3027395, at * 2 ("The Court notes that it does not accept Coli's answer as a substitute for the required verified claim, and should

---

[9] The court concedes that it is less than impressed with the reasons for delay presented by Mr. Key's attorney — *i.e.*, that he did not have a scanner and therefore unilaterally decided not to electronically file a verified copy of the answer, *see* doc. no. 11, ¶ 4 — but the Eleventh Circuit has instructed that courts must be willing to forgive claimants for "the sins of the attorney," *$125,938.62*, 370 F.3d at 1329, especially in light of the "harsh" nature of the forfeiture penalty.  *Id*.  *See also*, *e.g.*, *$442,721.00*, 2006 WL 4835923, at * 5.

Coli fail to file a timely verified claim as directed in this Order, his answer will be stricken.").

To be completely clear, Mr. Key will need to file a verified *claim* that conforms to the requirements set forth in Supplemental Federal Rule of Civil Procedure G(5)(a)(i), and *then* file a *second* amended verified answer or an appropriate motion under Federal Rule of Civil Procedure 12 within the time period allowed by Supplemental Rule G.  Failure to comply with the foregoing instructions will result only in the conversion of Mr. Key's federal claim to a state law legal malpractice claim.

Because Mrs. Key is reportedly incompetent, it is necessary to appoint a guardian *ad litem* to evaluate her potential claim to the subject property, determine whether participation in this action is in her best interest, and, if it is in her best interest, retain counsel to file a claim on her behalf.  See Fed. R. Civ. P. 17(c)(2) ("The court must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action."); *United States v. Real Property at 130 High Rock Acres Drive*, No. 1:06-CV-290, 2007 WL 2264475, at * 1 (W.D.N.C. Aug. 6, 2007) (appointing a guardian *ad litem* to represent the interests of minor children claimants in a civil forfeiture action).

Accordingly, the court hereby appoints the Honorable Jerry S. Barclay with

offices at 118 South Side Square, Huntsville, Alabama 35801 (telephone: 256-533-1127), as guardian *ad litem* for Geraldine Key for the purposes of: (1) evaluating her potential claim to the subject property; (2) determining whether participation in this civil forfeiture action is in her best interest; and (3) if participation is in Mrs. Key's best interest, retaining counsel to represent her in connection with these proceedings. The guardian *ad litem* shall make due report to the court, on or before **May 12**, **2008**, indicating whether submission of a claim is in Mrs. Key's best interest.

Unfortunately, the court has not been apprised of Mrs. Key's financial situation and, therefore, cannot assess her ability to pay the fees of a guardian *ad litem*.[10] Accordingly, the court reserves the right to tax the guardian *ad litem*'s fees and expenses to the government at the conclusion of this case. *See*, *e.g.*, *Allstate Ins. Co., Inc. v. Jones*, 763 F. Supp. 1101, 1102 (M.D. Ala. 1991) ("The fees and expenses of a guardian ad litem are taxable as costs under 28 U.S.C. § 1920 . . . and Fed. R. Civ.

---

[10] Of course, Mrs. Key may qualify for representation free of charge under 18 U.S.C. § 983(b)(2)(A). Pursuant to that provision:

> If a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, and the property subject to forfeiture is real property that is being used by the person as a primary residence, the court, at the request of the person, shall insure that the person is represented by an attorney for the Legal Services Corporation with respect to the claim.

*Id*. *See also*, *e.g.*, *Real Property at 130 High Rock Acres Drive*, 2007 WL 2264475, at * 1-2.

P. 54."); *United States v. Sommers*, 864 F. Supp. 902, 903 (S.D. Iowa 1994) ("Courts have recognized that under Title 28 United States Code, Section 2412, also known as the Equal Access to Justice Act (EAJA), prevailing claimants in civil forfeiture cases may seek costs and fees."). Mr. Barclay is directed to maintain a record of all fees and expenses.

The Clerk is directed to send a copy of this order to Mr. Barclay at the address listed above — *i.e.*, 118 South Side Square, Huntsville, Alabama 35801.

DONE and ORDERED this 28th day of April, 2008.

/s/ Lynwood Smith
United States District Judge